IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00872-RM

GARY ALLEN KEMPER,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

**ORDER**

---

    This social security case is before the Court on Plaintiff's request for judicial review of Defendant's denial of his application for supplemental security income. *See* 42 U.S.C. § 405(g). The parties have fully briefed the matter (ECF Nos. 24, 25, 26), and the Court has reviewed the pleadings, case file, and applicable law. For the reasons below, the Court affirms Defendant's decision.

**I.    BACKGROUND**

    Plaintiff filed his application on October 31, 2017, alleging disability beginning on January 10, 1994. After a hearing at which Plaintiff testified by phone and was not represented by counsel, an administrative law judge ("ALJ") determined Plaintiff did not have any severe medically determinable impairments, and therefore he was not disabled. The ALJ denied his application on April 3, 2019.

    The ALJ applied the five-step process for evaluating disability claims. *See Wall v. Astrue*, 561 F.3dc 1048, 1052 (10th Cir. 2009). At step one, the ALJ determined Plaintiff had

not engaged in substantial gainful activity since the application date. (ECF No. 19-2 at 16.) At step two, the ALJ determined Plaintiff had the following medically determinable impairments: history of mild thoracic compression fracture, wedge deformity, and osteoarthritis of the cervical, lumbar, and thoracic spine; inguinal hernia; and tobacco use disorder. (*Id.*) But the ALJ further determined that Plaintiff did not have an impairment or combination of impairments that was severe enough to significantly limit his ability to perform basic work-related activities. (*Id.* at 17.) In the absence of a severe impairment or combination of impairments, the ALJ needed to go no further in the evaluation process to conclude Plaintiff was not entitled to benefits.

The Appeals Council denied Plaintiff's request for review on February 8, 2020, making the ALJ's decision final. *See* 20 C.F.R. § 404.981.

## II.   LEGAL STANDARDS

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). To determine whether the substantiality test has been met, the Court meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings, but the Court does not reweigh the evidence or retry the case. *Id.* "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

A pro se plaintiff's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nonetheless, pro se parties must follow the same rules of procedure that govern other litigants, and the Court will not assume the role of Plaintiff's advocate. *See id.*

### III. DISCUSSION

Plaintiff's pleadings, construed liberally, fail to show that the ALJ's decision is not supported by substantial evidence or that the ALJ applied incorrect legal standards. In his opening brief, Plaintiff refers to orders issued in 2011 and 2012, without any explanation as to how they are relevant to the ALJ's decision in 2019. (ECF No. 24 at 2.) The opening brief also refers to a 1996 report, a deposition, an MRI reading, and another report, while failing to describe them or to explain their relevance. (*Id.* at 3.) It is the plaintiff's burden to establish a prima face case of disability at each of the first four steps in the evaluation process. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The undeveloped arguments in the Plaintiff's pleadings are insufficient to meet this burden. Nor do the references to "chronic wedged deformities consistent with compression fractures" and "thoracic cord compression from chondroma of rib" move the needle in Plaintiff's favor, as he does not identify any specific limitations associated with these conditions that prevented him from working. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). It is Plaintiff's duty to identify the evidence in the record showing that the ALJ's decision is not supported by substantial evidence. Plaintiff's disjointed, out-of-context references to documents and impairments do not show that the ALJ erred.

To the extent Plaintiff argues that he was not able to submit relevant evidence in this case, he fails to provide any meaningful explanation of what that evidence is or how the outcome of his case would have been different had the ALJ considered it. *See Hendron v. Colvin*, 767 F.3d 951, 955 (10th Cir. 2014) (rejecting claimant's assertion of error where she failed to explain how evidence undercut ALJ's decision); *see also St. Anthony Hosp. v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002) ("In civil cases such as this, the party challenging the action below bears the burden of establishing that the error prejudiced that party."). And to the extent Plaintiff suggests the Court erred by denying his "Motion by Plaintiff to Remand to the ALJ to Compa[re] the Record for Accuracy" (ECF No. 22), the Court discerns no error. Again, Plaintiff bears the burden to show he is entitled to relief. *See id.*

Any remaining issues Plaintiff attempted to raise are too underdeveloped for the Court to consider. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those . . . contentions that have been adequately briefed for our review."). In the absence of any showing as to how the ALJ erred—as opposed to indirect suggestions that she did so—the Court finds no basis for reversal.

## IV.   CONCLUSION

Therefore, the Court AFFIRMS the Commissioner's decision.

DATED this 22nd day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge